IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DONALD FAUX, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| ARS NATIONAL SERVICES, INC, | : | |
| Defendant. | : | |

## COMPLAINT

Donald Faux, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Donald Faux, is a natural person residing in Polk City, Iowa.

4. Associated Recovery Systems is a Division of, and is controlled by, ARS National Services, Inc. (hereinafter, "ARS"). It does business in Iowa with its principle place of business located in Escondido, California.

## IV. FACTUAL ALLEGATIONS

5. ARS is attempting to collect an alleged debt from Faux.

6. In October of 2010, an ARS representative named "Craig" was working on resolution of the alleged debt. ARS and Craig knew Faux was represented by an attorney and had contacted Faux's attorney regarding potential settlement.

7. Knowing an attorney represented Faux, Craig from ARS contacted Faux directly. Craig from ARS told Faux his attorney was not acting in Faux's best interest and attempted to settle the debt directly with Faux, bypassing Faux's attorney.

8. Craig continued to call Faux directly on October 15, 2010, October 18, 2010, and October 19, 2010.

9. ARS and Craig knew an attorney was representing Faux. ARS possessed Faux's attorneys contact information but chose to contact Mr. Faux directly.

## V. FIRST CLAIM FOR RELIEF

10. Defendant violated the FDCPA. Defendant's violations include, the following:

    a. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Faux when it was known, or should have been known, that he was being represented by an attorney.

    b. Defendant violated 15 U.S.C. § 1692(e)(10) by making a false representation that Faux's attorney was not representing the interests of Mr. Faux and using deception to collect the alleged debt.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    a. Defendant violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

    b. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Faux when it was known, or should have been known, that he was being represented by an attorney.

14. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

    **WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages.

    B. Statutory damages.

    C. Costs and reasonable attorney's fees.

    D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm

950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com